UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HEATHER HUNTER,

    Plaintiff,

v.

FED EX FREIGHT, INC.,

    Defendant.

Case No. 23-cv-02513-TC-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion and Memorandum in Support of its Request for Court Determination of Location of Trial (ECF No. 16). Defendant requests the Court enter an order designating Wichita, rather than Kansas City, as the place of trial, pursuant to 28 U.S.C. § 1404(c) and D. Kan. Rule 40.2. It argues this case has no ties to Kansas City other than Plaintiff's counsel has an office in Kansas City and the majority of witnesses are located in Wichita. Plaintiff argues trial should take place in Kansas City as she originally designated because she will not get a fair trial in Wichita due to Defendant's influence, size, and reach in the Wichita area. For the reasons explained below, Defendant's motion to designate Wichita as the trial location is granted.

**I.**     **Procedural Background**

Plaintiff filed this action asserting claims under Title VII for gender discrimination, hostile work environment, and retaliation arising out of her employment at Defendant's Service Center located in Wichita, Kansas. In conjunction with filing her complaint, Plaintiff designated Kansas

City, Kansas as the place of trial.[1] On January 2, 2024, Defendant filed its designation with Wichita as the place of trial[2] and thereafter filed its motion to change the trial location. The matter is fully briefed.

## II. Legal Standards

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra-district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a).[3] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses.[4] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[5] In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other

---

[1] ECF No. 3.

[2] ECF No. 7.

[3] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[4] 28 U.S.C. § 1404(a).

[5] *Spires v. Hosp. Corp. of Am.*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

2

considerations of a practical nature that make a trial easy, expeditious, and economical." [6]  The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer, [7] and the moving party bears the burden of proving that the existing forum is inconvenient.[8]  Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient." [9]

## III.   Analysis

### A.  Plaintiff's Choice of Forum

Although a plaintiff's choice of forum is normally entitled to great deference, such consideration is given "much less weight in ruling on a discretionary transfer motion" if the plaintiff's choice of forum is not the plaintiff's residence.[10] "When the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[11] Plaintiff

---

[6] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

[7] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

[8] *Id.*

[9] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[10] *Barnes & Noble Booksellers, Inc., v. Town Ctr. Plaza, LLC*, No. 05-2011-CM, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005). *See also Tiffany v. City of Topeka,* No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, No. 06-2168-KHV, 2007 WL 913925, at *2 (citing *Wichita Inv'rs, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[11] *Twigg v. Hawker Beechcraft Corp.*, No. 08-2632-JWL, 2009 WL 1044942, at *2 (D. Kan. Apr. 20, 2009).

alleges in her complaint that she is a resident of Wichita,[12] thus diminishing the weight given Plaintiff's choice of Kansas City as the trial location. Other than her counsel's office being located in Kansas City, Plaintiff offers no other connection to Kansas City. The Court therefore finds Plaintiff's designation of Kansas City as place of trial should be given little weight.

    *B. Convenience and Accessibility of the Witnesses and Evidence*

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[13] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be considered."[14] Ultimately, the Court will grant Defendant's transfer motion only if it finds Kansas City to be substantially inconvenient for non-party witnesses, not just that Wichita is marginally more convenient.[15] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[16] The moving party must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[17]

---

[12] ECF No. 1 at 1.

[13] *LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402-DDC-TJJ, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

[14] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, No. 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

[15] *See Menefee*, 2009 WL 1313236, at *2.

[16] *McIntosh*, 2015 WL 164602, at *2.

[17] *LeTourneau*, 2018 WL 489096, at *3 (quoting *McDermed*, 2014 WL 6819407, at *2).

4

Defendant argues this factor weighs heavily in favor of holding the trial in Wichita because the majority of witnesses in this case are located in Wichita. Plaintiff was employed by Defendant's Service Center in Wichita, and her work as a driver consisted of driving to and from Wichita. Like Plaintiff, the majority of witnesses in this case, including Plaintiff's former co-workers, live in Wichita. Both parties' Rule 26(a)(1) initial disclosures identify the majority of Plaintiff's co-workers and other fact witnesses as residing in Wichita. Requiring all of these persons to miss work to travel an extra 200 miles to Kansas City would be substantially inconvenient and would serve no rational purpose, considering that Plaintiff herself lives in Wichita.

Plaintiff argues in this electronic day and age, aside from the witnesses themselves, the convenience and accessibility of evidence is relatively equal no matter where trial is located. She argues much of the evidence in this trial will come directly through her direct testimony or documents, such as her written complaints which she tried to advance up the chain of command but was refused.

Defendant has the burden here to show that Kansas City would be substantially inconvenient for witnesses. Defendant has met its burden by showing that most, if not all, the non-party witnesses would be substantially inconvenienced by being required to travel from Wichita to Kansas City to testify at trial. These witnesses would also be more accessible if the trial was held in Wichita where they live and work. Plaintiff acknowledges that her own Rule 26(a)(1) initial disclosures identify either former or current employees of Defendant, the majority of whom reside in Wichita. Therefore, the Court finds this factor weighs strongly in favor of transferring trial to Wichita.

*C. Fair Trial*

Plaintiff argues the single biggest factor in her decision to designate trial in Kansas City is her belief that she will not get a fair trial in Wichita. Defendant is one of the largest employers in Wichita and a preferred employer when considering the venue from a fair trial perspective. Plaintiff contends Defendant has an outsized reputation that "punch[es] bigger than [its] weight." Plaintiff states this was demonstrated by her experience attempting to find potential attorneys to represent her in this case, but who declined to do so when they found out who was the defendant or due to multiple conflicts of interest. This made it necessary for Plaintiff to look beyond Wichita to find someone to fairly represent her without feeling the weight of Defendant. Plaintiff is concerned that the amount of sway Defendant will have with potential jurors due to its size and reach in the Wichita area will negatively impact her ability to get a fair trial in Wichita.

Defendant argues that cases from this District have rejected similar arguments that a plaintiff would have more difficulty finding a fair and impartial jury in Wichita because the defendant was a large employer there. In *Aramburu v. Boeing Co.*,[18] the court rejected this concern and held that these sorts of concerns will be adequately addressed during voir dire of the prospective jurors.

The Court here, like in the *Arambaru* case, finds any concerns Plaintiff may have with receiving a fair trial in Wichita can be addressed during voir dire of prospective jurors. Furthermore, the Court notes the juror pool will not be limited to Sedgwick County, where Wichita is located. Instead, D. Kan. Rule 38.1(h)(2)(A) requires that potential jurors for Wichita trials be drawn from the eleven south central Kansas counties comprising the Wichita-Hutchinson

---

[18] 896 F. Supp. 1063, 1065 (D. Kan. 1995).

Division[19] and the twenty-eight southwest Kansas counties comprising the Dodge City Division.[20] Thus, potential jurors will be drawn from thirty-nine Kansas counties and not just Sedgwick County. With such a large juror pool and the opportunity for voir dire of prospective jurors, the Court cannot conclude that the risk of Plaintiff receiving an unfair trial in Wichita is such that it would outweigh the other factors. The Court finds this factor is neutral.

### D.  Other Considerations

The final factor weighs "all other practical considerations that make a trial easy, expeditious, and economical."[21] Other than repeating its argument regarding convenience to potential witnesses, Defendant makes no argument regarding other practical trial considerations. Plaintiff argues this factor weighs in favor of trial in Kansas City because her counsel has an office there. She points out that Defendant's counsel is located in Tennessee and is neither a resident of Wichita or Kansas City, so he will be traveling regardless of the trial location.

Convenience to counsel is not, however, a significant consideration when determining trial location, for "[u]nlike the convenience of the witnesses, 'the convenience of counsel is entitled to little, if any, weight in ruling on a § 1404(a) transfer.'"[22] Accordingly, the Court finds this

---

[19] *See* D. Kan. Rule 38.1(h)(2)(A) (assigning the six jury divisions for creating petit jury panels for Kansas City, Topeka, and Wichita). The Wichita-Hutchinson Division is comprised of the counties of Butler, Cowley, Harper, Harvey, Kingman, Marion, McPherson, Reno, Rice, Sedgwick, and Sumner. D. Kan. Rule. 83.1(a)(3).

[20] The Dodge City Division is comprised of the counties of Barber, Barton, Clark, Comanche, Edwards, Finney, Ford, Grant, Gray, Greeley, Hamilton, Haskell, Hodgeman, Kearney, Kiowa, Lane, Meade, Morton, Ness, Pawnee, Pratt, Rush, Scott, Seward, Stafford, Stanton, Stevens, and Wichita. D. Kan. Rule 83.1(a)(5).

[21] *Chrysler Credit Corp.*, 928 F.2d at 1516.

[22] *LeTourneau*, 2018 WL 489096, at *3 (quoting *Hughes v. Blue Cross Blue Shield of Kan., Inc.*, No. 12-2339 JTM, 2012 WL 3644845, at *4 (D. Kan. Aug. 24, 2012)).

consideration should be given little weight,[23] but because the general burden of showing substantial inconvenience remains with Defendant, this lack of weight does nothing to disturb Plaintiff's chosen forum of Kansas City.

The Court finds the convenience and accessibility of Wichita-based witnesses and evidence strongly supports holding trial in Wichita rather than Kansas City. With the other factors carrying little weight, Defendant has met its burden to show that the case should be transferred to Wichita for trial.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Memorandum in Support of its Request for Court Determination of Location of Trial (ECF No. 16) is **GRANTED.** The Court hereby designates **Wichita, Kansas** as the place of trial.

**IT IS FURTHER ORDERED** that the docket shall reflect that the jury trial before U.S. District Judge Toby Crouse, currently set to begin on September 9, 2025, will be held in **Wichita, Kansas.**

IT IS SO ORDERED.

Dated May 23, 2024, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge

---

[23] *But see Spires*, 2006 WL 1642701, at *4 (considering "relative convenience for the witnesses, parties, and attorneys" in its consideration of forum convenience).